# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-cr-04-APG-GWF |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE SENTENCE** |
| DUVAUGHN BUTLER, | (ECF No. 1150) |
| Defendant. | |

Defendant Duvaughn Butler moves to vacate his sentence under 28 U.S.C. § 2255. He contends that he should have qualified for downward adjustments to his sentence because he was a minor participant in his crime and he assisted the government with its case. Because Butler is procedurally barred from challenging his sentence and, in any event, waived his right to bring this challenge, I deny his motion.

Butler is procedurally barred from challenging his sentence under 28 U.S.C. § 2255. This statute required Butler to file his challenge within one year of the date that his conviction became final.[1] Butler was sentenced on September 30, 2014, but he did not file his § 2255 motion until March 2016—long after the deadline had passed.[2] Butler does not dispute that he missed the deadline, but he asks that I vacate his sentence anyway because being in prison has been stressful for him, and he believes he was treated unfairly during the sentencing process.[3] I sympathize with Butler's experiences and the hardship of being incarcerated, but because he offers no valid grounds to excuse his untimeliness under § 2255, I must deny his motion.

---

[1] Section 2255 allows petitioners to move for relief within one year of other qualifying grounds, such as the Supreme Court's initial recognition of a new constitutional right. 28 U.S.C. § 2255(f). But Butler does not even attempt to argue that any of these other grounds applies here.

[2] ECF Nos. 819, 1150.

[3] ECF No. 1150 at 12.

Even if Butler had filed a timely challenge, he has not established that any of § 2255's substantive requirements is met. Section 2255 requires Butler to show that his sentence is somehow illegal.[4] The thrust of his argument is that he might have qualified for some downward adjustments in his sentence that he did not receive. But even if true, this does not render his sentence illegal.

Finally, even if Butler could overcome these procedural barriers, he waived his right to bring this challenge. Butler signed a plea agreement in which he waived his right to challenge his sentence.[5] The right to collaterally challenge a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable.[6] I therefore deny his motion.

To appeal this order, Butler must receive a certificate of appealability from a circuit or district judge.[7] To obtain this certificate, Butler "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[8] Given the controlling authority holding that Butler is barred from bringing his challenge, I deny his request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant's motion under 28 U.S.C. § 2255 **(ECF No. 1150) is DENIED**.

---

[4] *Hamilton v. United States,* 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 challenge can be based only on claims of lack of jurisdiction, constitutional error, an error resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure").

[5] ECF No. 472 at 46.

[6] *United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993).

[7] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[8] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

IT IS FURTHER ORDERED that defendant's request for a certificate of appealability is **DENIED.**

DATED this 23rd day of May, 2017.

 ANDREW P. GORDON
 UNITED STATES DISTRICT JUDGE